ELECTRONICALLY FILED
11/23/2021 10:05 AM
57-CV-2021-900227.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| **JANICE L. CLARK,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **TOREY RENARD ROSS, ROSSWAY TRUCKING, LLC., GEICO CASUALTY COMPANY, FICTITIOUS DEFENDANTS A, B and C**, whether singular or plural, that person, firm or corporation for which TOREY RENARD ROSS was working on the occasion made the basis of this suit; **FICTITIOUS DEFENDANTS D, E and F**, whether singular or plural, that person, firm or corporation owning the vehicle being driven by TOREY RENARD ROSS, on the occasion made the basis of this suit; **FICTITIOUS DEFENDANTS G, H and I**, whether singular or plural, that person, firm or corporation who contributed to cause the accident made the basis of this action on the occasion made the basis of this suit; **FICTITIOUS DEFENDANTS J, K AND L**, whether singular or plural, that entity concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party Defendants; **FICTITIOUS DEFENDANTS M and N**, whether singular or plural, the entity which is successor-in-interest of any of the named or above-described fictitious party Defendants; **FICTITIOUS DEFENDANTS O and P**, whether singular or plural, the entity which is the predecessor-in-interest of any of the named or above-described fictitious party Defendants; **FICTITIOUS DEFENDANTS Q and R** whether singular or plural, the person, corporation, association or other entity, whose negligence or other wrongful conduct contributed to cause the damages described in Plaintiff's Complaint, | ) CASE NO.: |
| Defendants. | ) |

## COMPLAINT

1.  Plaintiff, Janice L. Clark (hereinafter referred to as, "Plaintiff"), is over the age of

nineteen years and resides in Phenix City, Albama.

2. Defendant, Torey Renard Ross (hereinafter referred to as Defendant Ross) is over the age of nineteen years and is a resident of Jackson, MS, whose address for service is 5158 Andover Drive, Hinds County, Jackson, MS 39209. Defendant is named in the Alabama Uniform Crash Report as "Torey Ross Renard." Plaintiff's investigation reflects that this Defendant's correct name is "Torey Renard Ross." The intent of this paragraph is to name as a defendant the driver of the truck that struck Plaintiff's vehicle. At all times pertinent hereto, Defendant Ross was acting as an employee or agent of Defendant Rossway Trucking, LLC.

3. Defendant, Rossway Trucking, LLC, (hereinafter referred to as "Defendant Rossway Trucking"), is a domestic limited liability company organized and existing under the laws of this state. Their registered agent is Torey Renard Ross whose address for service is 1829 East Drive, Hinds County, Jackson, MS 39204.

4. Defendant, Geico Casualty Company, is an insurance company, licensed to do business in Alabama and doing business in Russell County, Alabama.

5. FICTITIOUS DEFENDANTS A, B and C, whether singular or plural, is that person, firm or corporation for which Torey Renard Ross was working on the occasion made the basis of this suit; FICTITIOUS DEFENDANTS D, E, and F, whether singular or plural, that person, firm or corporation owning the vehicle being driven by Torey Renard Ross, on the occasion made the basis of this suit; FICTITIOUS DEFENDANTS G, H, and I, whether singular or plural, that person, firm or corporation who contributed to cause the accident made the basis of this action on the occasion made the basis of this suit; FICTITIOUS DEFENDANTS J, K, and L, whether singular or plural, that entity concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party Defendants; FICTITIOUS DEFENDANTS M and N, whether singular or plural, the entity which is successor-in-interest of any of the named

or above-described fictitious party Defendants; FICTITIOUS DEFENDANTS O and P, whether singular or plural, is the entity which is the predecessor-in-interest of any of the named or above-described fictitious party Defendants; FICTITIOUS DEFENDANTS Q and R, whether singular or plural, the person, corporation, association or other entity, whose negligence or other wrongful conduct contributed to cause the damages described in Plaintiff's Complaint.

6. At the time of this automobile collision, Defendant, Geico Casualty Company had a motor vehicle insurance policy in force covering the motor vehicle operated by Plaintiff, which specifically provided uninsured motorist benefits.

7. At all times material hereto, Defendant, Geico Casualty Company's insurance policy was in full force and effect.

## JURISDICTION AND VENUE

8. Plaintiff's claims are solely brought under the common law or statutory law of the State of Alabama. Jurisdiction and venue are proper in the Circuit Court of Russell County, Alabama because the accident which makes the basis of this lawsuit happened in Russell County, Alabama.

## STATEMENT OF THE FACTS

9. On or about December 16, 2019, Plaintiff Janice L. Clark, was the driver of a vehicle that was at a Stop sign on the corner of 28th Avenue and its intersection of Highway US-80, Russell County, Phenix City, Alabama.

10. On that same date, Defendant, Torey Renard Ross was traveling south on Highway US-80 attempting to make a left turn onto 28th Avenue when he failed to keep a proper lookout and struck the side of Plaintiff's vehicle.

11. Defendant Ross was operating a vehicle owned by Defendant Rossway Trucking and was working for Defendant Rossway Trucking at all material times hereto.

12. As a result of the negligent and/or wanton actions of Defendant Ross, the Plaintiff sustained significant property damage to her vehicle, injuries, incurred medical bills in excess of $11,764.00, sustained pain and suffering and mental anguish, and continues to suffer from these injuries. The Plaintiff has been otherwise injured and damaged.

## COUNT I- NEGLIGENCE

13. Plaintiff re-alleges all paragraphs of the Complaint, as if fully set out herein.

14. Defendant Ross, was negligent in the operation of the vehicle he was driving, as alleged above.

15. As a direct and proximate result of the negligence of Defendant Ross, the Plaintiff was injured and damaged as described above.

## COUNT II- WANTONNESS

16. Plaintiff re-alleges all paragraphs of the Complaint, as if fully set out herein.

17. Defendant Ross, was wanton in the operation of the vehicle he was operating, as alleged above.

18. As a direct and proximate result of the wantonness of Defendant Ross, the Plaintiff was injured and damaged as described above.

## COUNT III – NEGLIGENCE AND/OR WANTON HIRING, TRAINING, SUPERVISION AND/OR ENTRUSTMENT

19. Plaintiff re-alleges all paragraphs of the Complaint, as if fully set out herein.

20. Defendant Rossway Trucking was responsible to hire and train Defendant Ross.

21. Defendant Rossway Trucking owned the vehicle operated by Defendant Ross at the time of this accident and/or entrusted the vehicle operated by Defendant Ross at the time of this accident.

22. Defendant Rossway Trucking negligently and/or wantonly hired, trained, and supervised Defendant Ross in the operation of the vehicle.

23. Defendant Rossway Trucking negligently and/or wantonly entrusted the vehicle to Defendant Ross.

24. As a proximate consequence of the negligence and wantonness of the Defendants, Plaintiff was injured and damaged.

## COUNT IV - UNINSURED/UNDERINSURED MOTORIST

25. Plaintiff re-alleges all paragraphs of the Complaint, as if fully set out herein.

26. At the aforementioned time of the collision, Defendant, Geico Casualty Company's insurance policy was in full force and effect and specifically provided for uninsured motorist benefits, which covered the Plaintiff.

WHEREFORE, premises considered, Plaintiff respectfully request relief as follows:

A. In such an amount of compensatory damages as will reasonably and adequately compensate him for his injuries and damages;

B. In such an amount of punitive damages as will reflect the enormity of the wrongs committed by the Defendants and will deter the Defendants and others from committing similar wrongful acts in the future;

C. In such an amount of Uninsured/Underinsured Motorist coverage from Defendant, Geico Casualty Company for an amount equal to the amount that he is legally entitled to recover;

D. Plaintiff's costs in this action; and

E. Such other relief as this Court finds is appropriate.

           */s/ Archie Grubb*
           Archie I. Grubb (GRU015)
           Attorney for Plaintiff

OF COUNSEL:

Kenneth S. Nugent, P.C.
1234 First Avenue, Suite 200
Columbus, Georgia 31901
(706) 571-0900
(706) 571-0995 Facsimile
agrubb@attorneykennugent.com

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.

           */s/ Archie Grubb*
           Of counsel

Defendant Ross may be served by certified mail as follows:

Torey R. Ross
5158 Andover Drive
Jackson, MS 39209

Defendant Rossway Trucking LLC may be served by certified mail as follows:

Rossway Trucking LLC
1829 East Drive
Jackson, Ms 39204